USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/1/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
KLS DIVERSIFIED MASTER FUND, L.P.,                                :
:
                    Plaintiff,                                   :
:       19-cv-3774 (LJL)
        -v-                                                        :
:       ORDER
SEAN MCDEVITT,                                                    :
:
                    Defendant.                                   :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff moves for summary judgment on damages, including on attorneys' fees recoverable under the Guaranty.  Dkt. No. 83.  The parties agree that the standard for the award of attorneys' fees is reasonableness.  Ordinarily, in order to assess the reasonableness of requested attorneys' fees, the Court must review attorney time records.  Yet, Plaintiff states that it "has not submitted its time records because the description of services is privileged and thus the time records would have to be redacted down to just the name of the timekeeper, his or her rate, and the number of hours for each entry."  Dkt. No. 83-2 at 15.  It also states that it would be time-consuming to provide the necessary redaction.  It offers to produce redacted records or, in the alternative, make them available unredacted for the Court's *in camera* review.

      To the extent that Plaintiff moves for summary judgment on attorneys' fees, that motion is denied, without prejudice, for failure to produce any time records even in redacted form.  Plaintiff has leave to renew the request for attorneys' fees by filing its time records on ECF by February 8, 2021.  Defendant shall file an opposition to the attorneys' fees application, no longer than 5 pages, by February 15, 2021.  Plaintiff shall file a reply, no longer than 5 pages, by

February 22, 2021.

Under Federal Rule of Evidence 502(d), the Court "may order that the privilege or protection is not waived by disclosure connection with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d).  It is hereby ORDERED that the disclosure of Plaintiff's time records will not be deemed a waiver of attorney client privilege or attorney work product pursuant to Fed. R. Evid. 502(d).

SO ORDERED.

Dated: February 1, 2021
    New York, New York

_____
LEWIS J. LIMAN
United States District Judge