

685 3rd Avenue • 18th Floor • New York, NY • 10017
tel 212-999-7100 • fax 212-999-7139 • wshblaw.com

**Christopher J. Seusing**
**direct dial** (646) 398-1058
**email** cseusing@wshblaw.com
**refer to** 11022-0008

April 6, 2021

*VIA ELECTRONIC FILING*

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
Room 701
New York, N.Y. 10007

      Re:    *KLS Diversified Master Fund, L.P. v. McDevitt*
              Our Client:      Sean McDevitt
              Docket No.:     1:19-cv-03774

Dear Judge Liman:

We are in receipt of your Opinion and Order, dated April 2, 2021, resolving Plaintiff's motion for summary judgment on the amount of damages, including attorneys' fees and costs (the "Order"). We also acknowledge Your Honor's instructions in the Order, directing Plaintiff to submit a proposed judgment in accordance with the Order, on or before April 7, 2021, after which Your Honor will enter a final judgment. For the reasons set forth below, we respectfully request **(i)** an opportunity to respond to Plaintiff's proposed judgment amount and **(ii)** documentation from Plaintiff regarding the proceeds from the sale of any of Sensei's assets, before Your Honor enters the final judgment.

As stated in Your Honor's Order, and in accordance with Section 9-615(d) of the New York Uniform Commercial Code, "[i]f KLS had successfully sold the Collateral, there is no dispute that the proceeds from that sale if realized by KLS would be offset against the amounts KLS would be entitled to receive from McDevitt under the judgment." *See* Docket No. 96, p. 10. In support of its damages motions, Plaintiff has only offered the affidavit of Michael Zarrilli, who left KLS in July 2020, to support its assertion that the Sensei collateral has not, as of April 2021, been sold. Such an affidavit clearly lacks the personal knowledge upon which such an assertion can be based, since Mr. Zarrilli would have no direct knowledge regarding the most up-to-date maintenance, disposition, handling, and/or sale of Sensei's collateral.

Our File No.: 11022-0008
April 6, 2021
Page 2

In light of the above, we respectfully request that Plaintiff produce an inventory of all Sensei assets foreclosed upon, including software, laptops, office furniture, servers, etc., and information regarding whether such assets have been sold, and the amounts realized by Plaintiff. Such documentation has not been provided to date by Plaintiff.

We thank you in advance for your consideration of this request, and we are available to discuss further with all parties as needed.

Sincerely,

WOOD, SMITH, HENNING & BERMAN LLP


By: _/s/ Christopher Seusing_____
    MICHELLE A. ARBITRIO
    CHRISTOPHER J. SEUSING
    SAMEER P. PONKSHE

20695926.1:11022-0008


The Court construes Defendant's request as a thinly-veiled motion for reconsideration. It is denied. Defendant does not raise any issues he could nto have raised earlier or that the Court did not consider in its prior opinions.

SO ORDERED. 4/7/2021.

_____
LEWIS J. LIMAN
United States District Judge